IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00506-GPG

MARICELA REGALADO-HERNANDEZ,

    Petitioner,
v.

JUAN BALTAZAR, in his official capacity as the warden of the Aurora Contract Detention Facility;
PAMELA BONDI, in her official capacity as Attorney General of the United States;
KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; and
ROBERT HAGAN, in his official capacity as Field Office Director of the ICE Enforcement and Removal Operations Denver Field Office,

    Respondents.

## ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1). The Court GRANTS IN PART the petition. Because the briefing demonstrates that Petitioner Maricela Regalado-Hernandez's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I. FACTS

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a

1

determination in her removal proceedings.[1] Petitioner is a native and citizen of Mexico who has been present in the United States since 2006 (D. 1 at ¶ 7). Petitioner has been in ICE detention for over 27 months (*id.* at ¶ 1). Petitioner filed this habeas case arguing that her continued detention is in violation of the Due Process Clause of the Fifth Amendment (D. 1). On February 10, 2026, the Court ordered Respondents to show cause why Petitioner's application should not be granted (D. 4). Respondents filed their response on March 3, 2026 (D. 8).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions (*see* D. 1 at ¶ 4) (citing cases). In recognition of this, Respondents filed a Response noting their disagreement with the Court's past rulings (D. 8). The Court remains firmly convinced that the Court and the other Judges in the District who have addressed the issues raised here have correctly decided those and incorporates their analysis from these prior cases. *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025). Accordingly, the

---

[1] The Court draws the operative facts as set forth in the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1).

Court finds that Petitioner is entitled to a custody hearing that has not been provided in violation of due process.

### IV.  CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing her continued detention is proper and was proper at the time of her arrest.  Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order.  Respondents are ENJOINED from denying bond to Petitioner on the basis that she is detained pursuant to § 1225(b)(2)(A).  Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's custody hearing, stating whether she has been granted bond, and, if her request for bond was denied, the reasons for that denial.  Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time she was detained.

The Court further orders that pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondents SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

DATED March 4, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge