IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00506-GPG

MARICELA REGALADO-HERNANDEZ,

       Petitioner,

v.

JUAN BALTAZAR, in his official capacity as the warden of the Aurora Contract Detention Facility;
TODD BLANCHE,[1] in his official capacity as Attorney General of the United States;
MARKWAYNE MULLIN,[2] in his official capacity as Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; and
GEORGE VALDEZ,[3] in his official capacity as Field Office Director of the ICE Enforcement and Removal Operations Denver Field Office,

       Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion for Reconsideration (D. 19). The Court DENIES the motion for the following reasons.

On June 29, 2026, the Court entered an Order (D. 18) denying petitioner's Motion for Attorney Fees (D. 15) on the basis that it could not say that "Respondent's position was not substantially justified, at least of the date it was advanced." Petitioner now moves for reconsideration, arguing that "[t]his was a case about the legality of an 828-day detention without

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).
[2] Substituted pursuant to Fed. R. Civ. P. 25(d).
[3] Substituted pursuant to Fed. R. Civ. P. 25(d).

1

a constitutionally compliant bond hearing . . . not a case about whether a newly detained noncitizen had been detained under the right statute" (D. 19 at 2).

Petitioner does not put forward a proper basis for reconsideration. Motions for reconsideration may be appropriate in light of: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). They should not be used to revisit issues that were already addressed or to advance arguments that could have been raised in earlier briefing. *Id.* Relatedly, "[a] disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief." *Sayed v. Broman*, No. 13-CV-02961-CMA-MJW, 2015 WL 2345638, at *1 (D. Colo. May 14, 2015).

Here, Petitioner's argument reflects nothing more than disagreement with the Court. As the Court wrote in its Order denying Petitioner attorney's fees, this case is about whether Petitioner is detained under the right statute: "This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United State and denied detention hearings under a new interpretation of 9 U.S.C. §§ 1225, 1226" (D. 18 at 2). No matter how clear it was to Petitioner or to this Court that Petitioner is detained under § 1226 rather than § 1225, Respondents' position was that Petitioner is detained under § 1225. Therefore, the question at the heart of the case was what statute Petitioner is detained under. For the reasons stated in its previous Order, the Court still cannot say that Respondents' position was not substantially justified at the time it was advanced.

Accordingly, Petitioner's Motion for Reconsideration (D. 19) is DENIED.

DATED July 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge